# PLANTEN v. CANTON PHARMACY COMPANY.

### TRADEMARKS.

1. A party may not segregate his trademark, and, by registering each of
   its features- separately, thereby prevent the registration by another
   party of any particular part of the mark as actually used, notwith-
   standing that such registration and use by another party would
   cause no confusion to the trade and no prejudice to the first regis-
   trant.   (Distinguishing *Re Standard Underground Cable Co.* 27 App.
   D. C. 320, and following *Johnson* v. *Brandau,* 32 App. D. C. 348.)

2. When the Commissioner of Patents is satisfied that the applicant for a
   trademark is attempting to register a particular feature of a
   registered mark, he should require evidence that the mark of the
   application has been actually used as a trademark.

3. Proof of the use of the words 'Planten's C. & C. or Black Capsules,"
   in a case where those words have been registered as a trademark,
   does not. establish a use of the words "Black Capsules" as a trade-
   mark, for the words eliminated from the registered mark are, under
   a prior application, an essential part of that mark.

4. The Commissioner of Patents, under sec. 7 of the trademark act of 1905,
   has the right to refuse registration to both parties to a trademark
   interference.   (Following *Re Herbst,* 32 App. C. C. 269, 565.)

5. The words "Black Capsules" are descriptive of the goods to which they
   are applied, and are therefore not registerable as a trademark,
   when they are applied to transparent capsules containing medicine

of a dark color, especially where it appears that the trade, and not the applicant, first used the words in describing the medicine.

No. 570.   Patent Appeals.   Submitted March 11, 1909.   Decided April 13, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents declining to register the mark of either party to a trade-mark interference.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. Jas. L. Ewin* and *Mr. Delbert H. Decker* for Planten.

*Mr. A. S. Pattison* for the Canton Pharmacy Co.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, declining to register to either of the parties to a trade-mark interference proceeding the words "Black Caps" or "Black Capsules" as a trademark for medicine, the ground of the decision being that the mark is descriptive of the goods to which it is applied.

Prior to the present application of John Rutgert Planten, he applied for and was granted registration of the following trademark for the same remedy to which the mark of the inter-ference is applied:

Planten's<br>
C. & C. or Black<br>
Capsules.

The lettering of the registered mark, like the lettering of the mark of the application, is on a black rectangular background. Along with the application of the interference, Planten filed specimens of the mark as used which were identical in form

with the mark previously registered. Thereupon counsel for the Canton Pharmacy Company moved a dissolution of the inter‑ ference on the ground that there was no interference in fact be‑ tween the marks as actually used by the parties. This conten‑ tion was overruled, the Commissioner citing as his authority *Re Standard Underground Cable Co.* 27 App. D. C. 320. Thereupon testimony was taken by the parties and hearings had thereon before the Examiner of Interferences and the Com‑ missioner in turn. Each of these tribunals awarded priority of adoption and use to the Canton Company, but each held the mark descriptive, and refused it registration.

The first question for determination involves the correctness of the Commissioner's ruling to the effect that a party may segregate his trademark, and, by registering each of its features separately, thereby prevent the registration by another of any particular part of the mark as actually used, notwithstanding that such registration and use by another would cause no con‑ fusion to the trade and no prejudice to the first registrant. The statement of the proposition, we think, carried its own refuta‑ tion. A firm may have one or a dozen marks, but, owing to the nature and object of trademarks, it seldom happens that more than one mark is used by any dealer to designate a par‑ ticular article. Thus the record shows that Planten has used the registered mark to designate the goods to which the mark of the application *is said* to apply. In contradiction of the statement in his application, he filed with his application not the mark of the application, but the mark previously registered. The trademark act confers the right of registration upon "the owner of a trademark used in commerce with foreign nations, or among the several states, or with Indian tribes," providing the applicant complies with various requirements stated in the act, and files a verified declaration that the conditions entitling him to the benefit of registration exist. Statutory use of the mark is a prerequisite to the right of registration. In the Cable Co. Case it was merely held that, for the purpose of registra‑ tion, the applicant may determine of what his mark consists; but, having described and shown one thing, he cannot, when the

exigencies of the situation demand, limit his claim to a particular feature of the original mark.  *Johnson* v. *Brandau,* 32 App. D. C. 348.

By the passage of the trademark act, Congress did not intend to confer upon any dealer the right to register fictitious marks for the purpose of limiting and restricting the field of registration of others.   When, therefore, the Commissioner is satisfied that the applicant is attempting to register a particular feature of a registered mark, he should require evidence that the mark of the application has actually been used as a trademark.   Not having limited his claims in his original application, the applicant cannot prove statutory use of the mark of the second application by showing such use of the registered mark.   In other words, proof of the use of the words "Planten's C. & C. or Black Capsules," in a case where those words have been registered as a trademark, does not establish the use of the words "Black Capsules" as a trademark, for the words eliminated from the registered mark are, under the prior application, an essential part of that mark.

There being no evidence in the record of statutory use of the words "Black Capsules" as a trademark by Planten, the Commissioner should have refused registration to Planten on that ground.   Since, however, he had the right, under sec. 7 of the trademark act, to refuse registration to both parties (*Re Herbst,* 32 App. D. C. 269, 565), we will proceed to determine the correctness of his conclusion, that the mark of the issue is descriptive of the goods to which it is applied.   The record shows that the medicine contained in these so-called "Black Capsules" is of a dark color and that the capsules are transparent.   The word "capsule" is aptly descriptive of the receptacle of the medicine.   The medicine being of a dark color, we think it follows that the words "Black Capsules," in a general sense, are descriptive of the filled capsules.   To permit the registration of these words as a trademark would deprive other dealers of the right to use them in describing their goods, and, owing to the nature of the remedy, confer a practical monopoly upon the registrant.   This view is strengthened by the testimony to the

effect that it was the trade, and not either of the parties, that first used the words "black capsules" in describing this remedy.

The decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law,                                    *Affirmed.*